UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURT READ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND LaHOOD, et al.,<br><br>　　　　　　Defendant. | CASE NO. C08-154MJP<br><br>ORDER ON MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT |

The above-entitled Court, having received and reviewed

1. Defendants' Motion to Dismiss and/or for Summary Judgment (Dkt. No. 63)

2. Plaintiff's Opposition to Defendants' Motion to Dismiss and/or for Summary Judgment (Dkt. No. 86)

3. Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and/or for Summary Judgment (Dkt. No. 89)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion to dismiss is DENIED.

IT IS FURTHER ORDERED that the motion for summary judgment is GRANTED, and Plaintiff's claims are dismissed with prejudice.

**Background**

Plaintiff is a Caucasian male born in 1950. Originally hired by the Federal Aviation Administration (FAA) in 1990, he successfully challenged a security clearance revocation and termination in the late 1990s and was rehired.

From 2005 – 2008, Plaintiff applied for five promotions. In each hiring process, he was determined to be a qualified candidate but was ultimately passed over: four out of the five positions went to a female applicant. Following the first four non-hires, he pursued Equal Employment Opportunity (EEO) complaints of discrimination. The relevant details of each of the hiring processes are as follows:

1. **Manager: Operations, Communications and Services Position (2005)**

Plaintiff was one of four applicants who made the best-qualified list. The application packets were transmitted to the hiring official (Mr. Murphy). Because he was familiar with all the candidates, no interviews were conducted. Murphy chose a woman (Ms. Haggland) whom he deemed best-qualified for the job. She was six months younger than Plaintiff, who was advised of her selection on May 31, 2005. On August 10, 2005 he filed an informal EEO complaint; on November 20, 2005, he filed a formal complaint. A finding of no-discrimination was ultimately issued.

2. **Supervisory Security Specialist (2007)**

Plaintiff was one of five applicants who made the best-qualified list for this position. The selecting official (Mr. Ryan, a Director of Field Operations in Washington, D.C.) convened a panel to interview, rate and rank the applicants. All interviewees were asked identical questions.

At the conclusion of the process, the unanimous choice was a woman (Ms. Underwood); Plaintiff was not among the top three candidates.  Ryan accepted the recommendation of the panel and believed Underwood to be the best-qualified for the job.  He was aware that Plaintiff had some prior EEO activity, but was unaware of its nature and did not consider Plaintiff's age, sex or previous EEO activity.  After learning that he had not been selected, Plaintiff filed an EEO complaint.

3. **Manager: Investigation Section (2007)**

Plaintiff was one of three applicants on the best-qualified list.  The selecting official  (Mr. Caven, a local manager) convened another panel of interviewers (none of whom were on the preceding panel).   The highest-ranked interviewee was a woman (Ms. Root); Plaintiff was the lowest-ranked.  Caven accepted the panel's recommendation.  According to Caven, the panel found Root's answers to their questions more detailed and focused than Plaintiff's, and Caven himself considered Root to have excellent credentials for an internal investigations supervisor (including 10 years of experience in internal investigations).  Caven denied that Plaintiff's age or gender (he is the same gender and age as Plaintiff) or prior EEO activity (Caven himself had "prior complaints against the agency") played any part in his decision.  Caven Decl., Dkt. No. 65, ¶ 7.  After learning that he had not been selected, Plaintiff filed an EEO complaint.

4. **Supervisor Security Specialist (2008)**

This was the position for which Ms. Underwood was hired in 2007 – it became vacant again upon her retirement.  Plaintiff was one of seven applicants who made the best-qualified list.  Another interview panel was assembled (again with no repeats from either of the other two interview panels).   All interviewees were asked the same questions; their answers were ranked

one to five. At the conclusion of the process, three top candidates were chosen; Plaintiff was the lowest-ranked applicant. The selecting official (Ryan again) interviewed the top candidates and chose a woman (Ms. Pausch). After learning that he had not been selected, Plaintiff filed an EEO complaint.

5.  **Manager: Internal Security and Investigations (2008)**

Plaintiff was one of four on the best-qualified list for this position. Another panel was convened for this selection process (one of the panelists was on one of the 2007 panels, the rest – including two people who held the Internal Security and Investigations Manager position elsewhere in the country – were different). Following the interviews, Plaintiff was again ranked last. The candidate ultimately hired was a man (older than Plaintiff) who had held a similar position in Alaska for four years. After learning that he had not been selected, Plaintiff filed an EEO complaint.

Plaintiff filed a lawsuit against his employer alleging various claims of age and gender discrimination, as well as retaliation.

**Discussion/Analysis**

Motion to Dismiss: FRCP 12(b) Failure to State a Claim

Title VII requires that the plaintiff prove exhaustion of administrative remedies within the employing agency before a lawsuit may proceed. 42 U.S.C. § 2000e; Brown v. General Services Administration, 425 U.S. 820, 833 (1976). The regulations at issue here require that "aggrieved" employees must consult with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory and must file a formal complaint with the allegedly offending agency within 15 days of notification that the counseling process is complete. 29 C.F.R. §1614.105(a)(1),

106(b). Failure to comply with either step, unless there is an adequate legal justification for doing so, requires dismissal of any complaint. 29 C.F.R. § 1614.107(a)(1) and (2).

Defendants claim that Plaintiff failed to timely pursue his administrative remedies on his first claim (his non-selection for Manager of Operations in 2005). He was notified of his non-selection on May 31, 2005 and should have contacted the EEO office by July 10, 2005. He failed to do so (although he did contact his agency Human Resources [HR] office). Plaintiff denies that this claim is subject to dismissal, however, relying on the fact that the EEO hearing officer, during the course of his EEO hearing, found that Plaintiff timely complied with the requirements (essentially finding that the contact with the HR office satisfied the "EEO contact within 45 days" requirement). Pltf Ex. 22, 8:21.

Defendants cite case law in support of their counterargument that, absent a finding of discrimination by the agency (Boyd v. U.S. Postal Service, 752 F.2d 410, 414 (9th Cir. 1985)) or an EEO order on timeliness that is binding on the agency (Girard v. Rubin, 62 F.3d 1244, 1246-47 (9th Cir. 1995)), the agency does not have to waive an exhaustion argument. Defendants misread the Girard opinion; in fact, it supports Plaintiff's position:

> The EEOC made a final decision that Girard's complaint was timely. The effect of the decision was to waive the thirty-day filing requirement, and to require a determination of Girard's complaint on the merits. That decision was binding on the IRS. Consequently, the IRS was not entitled to a second bite at the apple in the district court. Id. at 1247.

Defendants make much of the fact that a further effect of the EEO order in Girard was to direct the agency (the IRS) to perform an investigation. The Court does not find this distinguishing fact relevant to the holding (i.e., the Ninth Circuit was not saying that, unless the EEO orders the agency to do something, the timeliness finding is not binding). In light of the fact that the EEO hearing officer found that Plaintiff had timely complied with the requirements, this case is on all

1  fours with Girard and the effect is that Defendants cannot raise an untimeliness defense.  Their

2  motion for an FRCP 12(b) dismissal is denied.

3  Summary Judgment

4      The Court analyzes Plaintiff's "disparate treatment" claims under the test enunciated in

5  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973):

6    I.  Plaintiff must establish a *prima facie* case of discrimination[1]:
      a. He is a member of a protected group
7        b. He was qualified for the position
      c. He was not selected for the position
8        d. The person chosen for the position was outside the protected group
  II.  Burden shifts to Defendants to articulate a "legitimate nondiscriminatory reason" for the
9      decision.
  III.  Burden shifts back to Plaintiff to offer evidence which establishes Defendants' reason as
10     "pretext;" i.e.:
      a. The motivation is "more likely" discriminatory, or
11       b. Defendants' explanation is "unworthy of credence."

12  Id. at 802. The aggrieved employee's evidence may be direct or circumstantial.  Circumstantial

13  evidence "requires an additional inferential step to demonstrate discrimination" and must be

14  "specific and substantial" to avoid summary judgment.  Cornwell v. Electra Central Credit

15  Union, 439 F.3d 1018, 1029 (9th Cir. 2006); Coghlan v. American Seafoods Co., 413 F.3d 1090,

16  1095-96 (9th Cir. 2005).

17      The analysis follows the same pattern for Plaintiff's retaliation claims.  Plaintiff must

18  establish a *prima facie* case that (1) he engaged in a protected activity; (b) he was subjected to an

19  adverse employment action; and (3) there is a causal connection between the protected activity

20  and the adverse action.  Vasquez v. County of Los Angeles, 307 F.3d 884, 896 (9th Cir. 2002).

21  The burden then shifts to Defendants to articulate a "legitimate non-retaliatory basis" for the

22  _____

23      [1] Defendant concedes for purposes of this motion that Plaintiff has a *prima facie* case for discrimination
on each of the five incidents which form the discrimination claims at issue in this lawsuit (with one exception – the
24  age discrimination allegation in Claim 1).

ORDER ON MOTION TO DISMISS AND/OR FOR
SUMMARY JUDGMENT- 6

1  action, following which the burden shifts back to Plaintiff to demonstrate that Defendants'

2  explanation is a pretext.  Bergene v. Salt River Agric. Imp. & Power District Project, 272 F.2d

3  1136, 1141 (9th Cir. 2001).   Plaintiff must present "specific and substantial evidence" that the

4  asserted reason is just a pretext for retaliation.  Wallis v. J.R. Simplot Co., 26 F.3d 885 (9th Cir.

5  1994).

6      Regarding his retaliation claims, Plaintiff's ultimate burden is to demonstrate by a

7  preponderance of the evidence that but for his protected activity he would not have been

8  subjected to the adverse action.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064-65 (9th

9  Cir. 2002).

10      In response to Defendants' demonstration of legitimate, non-discriminatory reasons for the

11  hirings, Plaintiff makes (1) global arguments that do not target any specific hiring event (or are

12  cited in regard to multiple hirings) and (2) specific arguments relative to each of the hirings; both

13  are obviously intended to establish that Defendants' stated reasons are pretextual.  This order

14  will discuss the hiring processes one by one, then address Plaintiff's global arguments at the

15  conclusion.

16  *Individual Hiring Processes*

17      1.  **Manager: Operations, Communications and Services Position (2005)**

18      This is the only event on which Defendants challenge Plaintiff's *prima facie* case for

19  discrimination.  It is undisputed that the woman who was hired is only six months younger than

20  Plaintiff.  Age discrimination will not be inferred "from the replacement of one worker with

21  another worker insignificantly younger."  O'Connor v. Consolidated Coin Caterers Corp., 517

22  U.S. 308, 312 (1996).  Plaintiff does not argue responsively in support of his age discrimination

23  claim concerning this hire, and the Court enters a summary judgment order of dismissal for

24  failure to establish a *prima facie* case.

1    Defendants present credible evidence of a legitimate non-discriminatory reason for hiring
2 Ms. Haggland over Plaintiff.  The selecting official (Murphy) considered Haggland to have more
3 managerial experience within the FAA than Plaintiff and to have prior experience more directly
4 related to the position.  Murphy Decl., ¶ 4.  At the time the selection was made, Murphy was
5 unaware of any EEO activity by Plaintiff.   Plaintiff presents no evidence Murphy was "more
6 likely" motivated by a discriminatory motive or that his proffered reasons are unworthy of
7 credence.[2]  Plaintiff has not carried his burden of proof in establishing a gender discrimination
8 claim concerning this hiring.

9    The Court finds two grounds for granting summary judgment on the retaliation claim
10 connected with this hiring process.  First, the lapse of time between the "protected activity" prior
11 to 1999 and the adverse action in 2005 (*see* Clark County School District v. Breeden, 532 U.S.
12 268, 273 (2001)); and second, Murphy's lack of awareness of Plaintiff's prior EEO activity
13 (which Plaintiff does not dispute) combine to create no possible inference of a causal connection
14 between his activities in the 1990s and his non-hire in 2005.

16    2. **Supervisory Security Specialist (2007)**

17    Defendants present sound evidence of legitimate non-discriminatory reasons for hiring Ms.
18 Underwood.  The selecting official (Ryan) believed her the best qualified for the position, based
19 on years of relevant agency experience which included two years in the job for which she was
20 applying.  Ryan Decl., ¶ 6.  Plaintiff attempts to create an inference of pretext from the fact that
21 Ms. Underwood's previous appointment to that position was the subject of a successful reverse

---

[2] Plaintiff attempts to create a factual dispute out of Murphy's failure to credit him with managerial experience.  Response, p. 8; Plaintiff Ex. 21.  But Murphy states that, "even if [he] had considered that [Plaintiff] had been performing as a manager for a short time, it would not have changed [his] decision.  Ms. Haggland had more managerial experience."  Murphy Decl., ¶ 6.

1  discrimination action by another agency employee (Mr. Vanderpool).  Underwood was
2  appointed to the job when Vanderpool was removed, then Underwood was removed two years
3  later when Vanderpool contested his removal and was reinstated.  The Court finds this fact of no
4  significance – neither Ryan nor the neutral panel were involved in Underwood's appointment,
5  Underwood herself was in no way at "fault" for being given the position, and she had the two
6  years' worth of experience at the job regardless of whether she ultimately had to step aside.

7  Ryan left the decision to a panel of experts, most whom had no prior acquaintance with
8  Plaintiff.  Their unanimous choice was Ms. Underwood; Plaintiff was unanimously ranked last.
9  The panel used an "averaging" system for combining their scores for each answer.  Plaintiff
10 attempts to make much of one panelist's testimony that this was not standard practice, but the
11 same panelist testified that there was no policy regarding the scoring format.  Pltf Appx E, 29:6-
12 16.

13 Plaintiff presents no evidence from which the Court could infer that the panelists chose Ms.
14 Underwood because she was a woman and he fails to demonstrate that the stated reasons for
15 choosing her are pretextual.  Defendants are entitled to summary judgment dismissing the
16 discrimination claims arising out of this hiring process.

17 Concerning retaliation, Defendants once again argue that the time lapse between Plaintiff's
18 2005 protected activity and this adverse 2007 action is too great to create an inference of a causal
19 connection.  Since the Court finds there is no evidence of pretext, the issue of whether there is a
20 *prima facie* case of retaliation need not be reached.  None of the panelists were aware of
21 Plaintiff's EEO activity (only one of them even knew him) prior to the interview.  They became
22 aware of it during the interview because Plaintiff mentioned it (as it appears he did in every
23 interview), but even having made the panel aware of his "protected activity," he presents
24

1  evidence that only one of the panel had any reaction to that information (which was confined to
2  an opinion that it was "sort of inappropriate" to bring up his prior difficulties in an interview; Pltf
3  Appx N, 21:9-22).  This does not suffice to create an inference of retaliation – there is no
4  evidence that "but for" his having mentioned his EEO activity, Plaintiff would have gotten the
5  position.
6      Furthermore, Plaintiff cannot demonstrate pretext by simply relying on the fact that the
7  decisionmaker was aware of prior protected activity.  <u>McCoy v. City of Shreveport</u>, 492 F.3d
8  551, 562 (5th Cir. 2007); <u>Cichon v. Exelon Generation Co., LLC</u>, 401 F.3d 803, 814 (7th Cir.
9  2005).  There must be some evidence of "retaliatory animus," some showing that the
10 decisionmakers acted as they did because they knew of the protected activity.  Plaintiff presents
11 no evidence in this regard.

13     3.  **Manager: Investigation Section (2007)**

15     Again, a neutral panel of subject matter experts unanimously selected a woman (Ms. Root) –
16 the selecting official (Mr. Caven) had already agreed to abide by the panel's recommendation.
17 Defendants do not deny that Plaintiff was qualified, but present evidence that Root was qualified
18 as well; a factor in her favor was that her job experience (over 10 years in internal investigations)
19 was in the same area as the manager's position.  Caven reports that the consensus among the
20 panel was that Plaintiff did not interview as well as Root.  Caven Decl., ¶¶ 5-6.
21     The law permits employers to choose between equally qualified candidates, provided they do
22 not use unlawful criteria to make the choice.  There is no requirement of objective proof that the
23 "best" candidate was chosen.  <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248, 259

(1981). The truth is that "close calls" in terms of qualifications tend to insulate employers from findings of pretext:

> [W]here an employer's proffered non-discriminatory reason for its employment decision is that it selected the most qualified candidate, evidence of the applicants' competing qualifications does not constitute evidence of pretext unless [the qualifications] are so favorable as to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position. Cichon v. Exelon Generations Co., LLC, 401 F.3d 803, 813 (7th Cir. 2005).

Plaintiff has not presented evidence of qualifications so superior that there can be no dispute; in fact, the evidence is that four experts in the field found otherwise.

Plaintiff notes a variety of circumstances that lead him to conclude that Caven was "obviously mentoring" Ms. Root prior to her selection for this position. Mentoring is not evidence of discrimination; in fact, Plaintiff's inference that Root was "preselected" for the position (despite the fact that Caven merely abided by the panel's recommendation) does not even qualify for evidence of pretext:

> The argument that a supervisor may have preselected an employee for a promotion "is not sufficient evidence for jurors reasonably to conclude" that the defendants' explanation for hiring Mrs. Pearson was pretext. Mackey v. Shalala, 360 F.3d 463, 468-69 (4th Cir. 2004). . . [W]hile preselection may establish that an employee was "unfairly treated, it does not by itself prove racial discrimination." [Blue v. United States Dep't of the Army, 914 F.2d 525, 541] (citing Casillas v. United States Navy, 735 F.2d 338, 344 (9th Cir. 1984) ("Title VII does not ensure the best will be selected-- only that the selection process will be free from impermissible discrimination.")). Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 271 (4th Cir. 2005)

Plaintiff has not produced "specific and substantial" evidence of pretext regarding this non-hire.

On the issue of retaliation, the Court notes that the time lag between Plaintiff's preceding EEO complaint and this hiring process is relatively short. But relative closeness in time between the protected activity and the adverse action does not establish causation – it is simply evidence which can help build an inference. Porter v. Calif. Dept. of Corrections, 419 F.3d 885, 895 (9th

Cir. 2005). So while Plaintiff may arguably have presented a *prima facie* case for retaliation, temporal proximity alone does not suffice as evidence of pretext in the face of Defendants' non-retaliatory reasons for the hire (<u>Dilettoso v. Potter</u>, 243 Fed. Appx. 269, 2007 WL 2051415 (9th Cir. 2007)), and Plaintiff presents no other evidence that even suggests a retaliatory motive behind this action. Craven indicates that "I, myself, had prior complaints against the agency and I would never hold the filing of EEO complaints against an employee." Craven Decl., ¶ 7.

Plaintiff points to a number of comments Craven made in response to the EEO interrogatories which arose out of Plaintiff's EEO complaint in the wake of this non-hire. Pltf Ex. 12. Whatever "animus" is demonstrated by these comments appears to originate from Craven's irritation at having to respond to the complaint (as opposed to a discriminatory/retaliatory predisposition). Furthermore, the comments are from an official who simply adopted the recommendation of a neutral panel and played no active role in the selection of the chosen applicant. Plaintiff has failed to carry his burden of producing "specific and substantial" evidence of pretext on this claim of retaliation.

4. **Supervisor Security Specialist (2008)**

Another neutral panel (different individuals than the previous two panels) interviewed seven applicants, chose three and ranked Plaintiff last. Of the three finalists, two were men and one was a woman. The finalists were re-interviewed and the female applicant (Ms. Pausch) was chosen by the selecting official (again it was Ryan, the D.C. official). As a preliminary matter, the Court questions whether Plaintiff has standing to challenge this selection at all: two men (both approximately Plaintiff's age) were chosen as finalists in addition to a younger woman. Ryan then interviewed the three finalists and chose Pausch. Ryan had no role in not selecting Plaintiff and did not "favor" a woman over him because Plaintiff was not in the pool of finalists.

The interviewing panel chose two men in addition to a woman and thus there is no evidence of discriminatory intent in their process, either.

For the sake of thoroughness, however, the Court will assume *arguendo* that Plaintiff has made a *prima facie* case for age and gender discrimination.  Turning to Plaintiff's proof of pretext on the discrimination claim, he makes some attempt to compare his qualifications to the selectee's (Response, p. 14) and to establish them as superior.  But (1) he offers no detailed analysis of either his or Ms. Pausch's qualifications or experience nor does he provide the details of the job requirements that might allow the Court to make relative comparisons of the background and skills of the two applicants; and (2) see *supra* for a discussion of the difficult threshold for using qualifications as evidence of pretext (Plaintiff needs to show "that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position" – Cichon, 401 F.3d at 813 – and four neutral interview panelists found him the *least* qualified).  The Court finds that Plaintiff has not presented adequate evidence of pretext to rebut Defendants' nondiscriminatory reasons.

Regarding his retaliation claim, Plaintiff makes reference to the hearsay testimony of one of the panelists (Faulkner) regarding the reaction of the other panelists to Plaintiff's interview remarks about his ongoing difficulties with the agency.  Plaintiff neglects to cite the further portion of Faulkner's testimony which reported that, after discussing their ratings of Plaintiff with Faulkner, the other panelists *raised* their ratings of Plaintiff [3] (and he still was unanimously ranked last among the interviewees).  Plaintiff also tries to characterize the selecting official's awareness of his prior EEO activity as evidence of pretext for retaliation, but see *supra* for case

---

[3] "[W]hat I recall specifically was that as we were going through the questions, especially the question regarding his response to the question have you been challenged with integrity or ethics, after we talked about it, based upon my perspective, and basically sharing the reason I rated him higher than most of the other people did in that, that it resulted in a higher score across the board." Appx D., 49:19-50:5.

authority that it is not enough to show that people were aware of prior protected activity – Plaintiff is still required to produce evidence that, *because* of that activity, an adverse action was taken. Plaintiff has presented no such evidence.

### 5. **Manager: Internal Security and Investigations (2008)**

This is a claim based purely on retaliation, as the selectee was a white male who was older than Plaintiff. The panel contained only one member who had previously interviewed Plaintiff – the remainder of the panel included two persons from outside the region who held positions similar to the vacant position.

Plaintiff does not challenge the selectee's qualifications (he had held the same job in Alaska for four years). Based on the depositions of the panel members, he attempts to paint their negative reaction to him as evidence of retaliatory animus. In fact, a review of the deposition testimony reveals that the panelists simply did not like the way Plaintiff answered the interview questions – they found him either nonresponsive (Kemens Depo, Appx K, pp. 41-42) or negative (Hernandez Depo, Appx H, 44:22 – 45:5). These are valid criteria for rating an applicant during an interview, and there is no evidence of an intent to retaliate for past protected activity.

Regarding the selecting official (Ms. Pausch), Plaintiff attempts to assign retaliatory intent to the fact that she knew he had filed a complaint challenging her selection and had filed a lot of FOIAs (Pausch Depo, Appx P, 74:11-75:3, 83:20-84:3). This information, standing alone, is not pretextual evidence of a retaliatory motive, and Plaintiff offers nothing more. He does include in his brief the irrelevant fact that Pausch did not select the applicant who was rated highest by the panel – this is not evidence that Plaintiff was the object of retaliation. The Court finds that Plaintiff has again failed to overcome proof of legitimate non-retaliatory reasons with evidence of pretext.

*"Global" Arguments*

Policy/culture of reverse discrimination

Plaintiff clearly believes that there is an agency-wide policy of promoting women over men with the FAA. In keeping with that belief, he repeatedly speculates that the panels which, time after time, rated women applicants superior to him did so because of a belief that they would somehow be rewarded or more highly regarded within the organization if they did so. Plaintiff has no evidence of this policy, including a complete absence of any statistical information that his conjecture is actually true. He points to the Vanderpool case (discussed *supra*) as evidence of the policy, but Defendants effectively demonstrate that the facts of the Vanderpool matter (which involved a unilateral appointment to a position followed by a unilateral removal) are in no way related to Plaintiff's circumstances and that the people involved in the Vanderpool case had no involvement in Plaintiff's selection processes. Reply, p.4 fn 4. In the absence of any evidence of an agency-wide practice of reverse discrimination, Plaintiff's proof must stand or fall on the merits of each selection. As demonstrated above, the Court does not find Plaintiff's criticisms of each of his hiring processes to be persuasive.

General knowledge of Plaintiff's history of EEO activity

It is apparent from reading the declarations and testimony of the people who came in contact with Plaintiff that no one who encountered him walked away without knowing about his history of difficulties with his employer. If you did not know about Plaintiff's history of EEO complaints against the agency before you met him, you certainly would know afterwards. However this information came into the awareness of the panels and selecting officials who

1  ultimately found Plaintiff unqualified for the positions to which he aspired, Plaintiff treats any
2  awareness of his EEO history as proof that the decisions against him were retaliatory. Even if
3  such knowledge might suffice to establish a *prima facie* case of retaliation, it is insufficient to
4  carry the weightier burden of providing "specific and substantial" evidence of pretext to rebut
5  Defendants' non-retaliatory reasons for their actions. Knowledge of protected activity by a
6  decisionmaker (even coupled with temporal proximity of protected activity and adverse action) is
7  not, in and of itself, evidence of pretext. Cichon, 401 F.3d at 814. The law requires Plaintiff to
8  produce evidence that *but for* his protected activity he would have been selected for the positions
9  he applied for (Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064-65 (9th Cir. 2002) – the
10 evidence is indisputably to the contrary.

12 Comparative qualifications

13      Plaintiff makes repeated references to his superior qualifications for many of the
14 positions for which he was not selected. As discussed *supra*, there is ample case law that
15 employers are not required to objectively prove that they have hired the best-qualified candidate,
16 as long as they are not using prohibited criteria for their selection. Differences in qualifications
17 will not suffice as proof of discrimination unless those differences are "of such weight and
18 significance that no reasonable person, in the exercise of impartial judgment, could have chosen
19 the candidate selected over the plaintiff for the job in question." Celestine v. Petroleos de
20 Venezualla SA, 266 F.3d 343, 357 (5th Cir. 2001) (internal citation omitted). Time after time,
21 panels of different individuals and/or different selecting officials chose someone else over
22 Plaintiff – it strains credulity to believe that *all* of them were unreasonable. And, despite
23 Plaintiff's rather general references to his superior experience, background and skills, his

ORDER ON MOTION TO DISMISS AND/OR FOR
SUMMARY JUDGMENT- 16

evidence is completely lacking a detailed discussion of the job requirements as matched up against his qualifications versus those of the selectees. In the final analysis, there is insufficient evidence upon which to make the conclusion at which Plaintiff hints. It remains subjective allegation and inadequate to his burden of proof.

**Conclusion**

Defendants cannot prevail on the timeliness issue regarding Plaintiff's first claim – they are bound by the finding of the EEO hearing officer that the post-notification contact was timely.

Defendants are, however, entitled to summary judgment dismissing all of Plaintiff's claims. There are no disputed issues of material fact (Plaintiff's disagreement with the assessment that the selectees were better qualified than him is not a dispute of material *fact*). Even granting Plaintiff the existence of *prima* facie cases of age or gender discrimination or retaliation in his non-hiring situations, Plaintiff has failed, as a matter of law, to present "specific and substantial" evidence that Defendants' nondiscriminatory, non-retaliatory reasons for their actions are pretextual. Summary judgment will be granted and his claims against Defendants will be dismissed with prejudice in their entirety.

The clerk is ordered to provide copies of this order to all counsel.

Dated: October 20, 2010.

Marsha J. Pechman
United States District Judge